Case number 10-2101, People v. Michael Parish. Good morning, Your Honors. My name is Autumn Renee Fincher of the Office of the State Appellate Defender, and I'm representing Michael Parish today. Good morning. Margaret Lusick on behalf of the people of the state of Illinois. I'd like to reserve five minutes for rebuttal, please. I would also like to focus my argument today on the first issue regarding trial counsel's ineffectiveness. But I'd be more than happy to address any questions that Your Honors have regarding the second issue, the Montgomery claim. Well, let's start off with the ineffective assistance of counsel. Wasn't this a trial tactic? Actually, it's our position that it was not a trial tactic, that it was objectively unreasonable for trial counsel to pursue a strategy that involved asking the jury, asking the trial court to instruct the jury on a lesser-included offense, i.e., here, robbery, and in failing to give the jury an instruction that corresponded with not only his client's testimony, but trial counsel's own statements, an opening statement and a closing statement, that Mr. Parish did not rob Rodney Lipscomb. Let's say you have the identical facts, identical situation, but the jury finds him guilty of armed robbery. Is there any basis to claim ineffective assistance because the theft instruction wasn't given? And if there's no basis to do that had the jury found the defendant guilty of armed robbery, aren't you, in effect, arguing that because the jury found him robbed, found him guilty only of robbery, that really, you know, had the jury been given an additional choice, they might have reduced it still further. But it's sort of viewing the outcome through the jury's lens, because what really triggers your position, I thought, is the outcome in the jury trial. So aren't you asking trial counsel to do too much to, in fact, anticipate, well, what if the jury finds him not guilty of armed robbery, but guilty of robbery? Maybe I should ask for a theft instruction as well. Well, in this case, it was because of the particular circumstances of this case that the trial counsel's failing to be prejudicial. We're not saying across the board that trial counsel has to ask the court to instruct the jury on every lesser included that's available. It was just in this case where he had his client get up on the stand and testify that he took money from Rodney Lipscomb and didn't give it back with the intent to swindle him, that under the facts of this case, it was wrong for, it was ineffective for trial counsel not to request that instruction. And as for if this case had been, like your Honor said, under a different set of facts where the jury returned a verdict of armed robbery, it would be our position that that would indicate that the jury believed the complainant. We believe that because the jury returned the verdict. Well, if the jury believed the complainant and he, I'm sorry, let me rephrase this. If the jury believed your client and took him at his word that he basically committed a theft, that he swindled and didn't use force, when faced with the verdict forms that they were given, you would expect them to find him not guilty. And they did find him not guilty. So can't we assume that they rejected your client's testimony? Actually, lesser included instructions are designed to prevent that kind of risk. Lesser included instructions are a procedural safeguard to prevent the jury from convicting the defendant where they might believe that he is guilty of some offense, not necessarily the charged offense, but they would convict him anyway. Here, Michael Parrish, like you said, admitted that he swindled money from Lipscomb by selling him the fake drugs. So he was virtually certain that the jury wouldn't acquit him. He had just confessed to a crime right in front of them. But the jury obviously found that the suit case for armed robbery was lacking, so they acquitted him of that offense. So that's why we're saying that jury instructions, unless they're included, are sort of to avoid the risk that the jury believing the defendant is guilty of some crime will convict rather than acquit entirely. But of course, you're asking that the jury be instructed in light of the pending charges against your client of a lesser included of a lesser included. I don't know if there's a case out there where counsel is found ineffective for not seeking an instruction of a lesser included of a lesser included. Do you have a case like that? Well, you know, I don't recall, but my understanding is that the defendant was charged with armed robbery. And not a robbery, no count of robbery. But counsel decided, you know, given the defendant's testimony, the jury could find him guilty of the lesser included of robbery. But now you're coming before us and saying counsel was right in that regard, but he didn't take it far enough that he should have asked for a lesser included of a lesser included, which I think would put the trial judge in a really difficult spot. I find it unlikely that any trial judge would allow such an instruction. But do you have authority that, you know, where something like that actually happened? Well, I don't have a case off the top of my head right now. I do have a case where the defendant was entitled to looking at people versus Washington. And I'm hoping that I cited in my opening brief, and I'm hoping that this is going to answer your question. There, it was held that in a prosecution of robbery, the defendant was entitled to a jury instruction on the lesser included offense of theft. But failure to give that instruction was not reversible error in that case, unlike here. Because the jury found the defendant guilty of armed robbery, which is the situation we talked about before, the greater the two offenses available. So in that case, the defendant was charged with armed robbery. And the court, actually this court, found that the defendant would have been entitled to an instruction on the lesser included offense of robbery. But the failure of the trial court to issue that instruction was not prejudicial in that case, or was harmless error in that case. Because the jury had two options, or three options, I'm sorry, armed robbery, robbery and acquittal. They had convicted him of the armed robbery. Now in our case, they acquitted, the jury acquitted Mr. Parrish of the armed robbery. But found him guilty of the robbery, only lesser included offense available. So I'm hoping that answers your question. What's to prevent the situation of the defendant asking for a lesser included offense instruction of theft, or the defense counsel asking for a lesser included offense instruction of theft, getting convicted of theft, and then coming before us and saying, you know, he shouldn't ask for that. Because if he didn't ask for it, I would have walked out the door, because the jury didn't believe it was a robbery. There is that risk. And that risk is present in some cases. So your answer is, no matter what, judge, you're going to see us. Yeah. Well, we're not arguing that across the board, that in every case where an armed robbery is charged, that a theft instruction must be given, or that counsel is ineffective for not requesting a theft instruction. It was just the particular facts of this case where the defendant, Michael Parrish, testified that he went down to the projects that day with fake drugs, intending to, quote, this is my client's word, swindle money out of drug users, that it was objectively unreasonable for defense counsel not to give the jury the option of voicing its agreement with that theory by not requesting an instruction on theft. So we're not saying in every case, you know, every defendant is entitled to that. Well, doesn't he have the right to take that risk, though? I mean, the defendant, my understanding is he had several convictions, several prior felony convictions. And so if he gets convicted of a theft, he's going to get substantial penitentiary time anyway. And so doesn't he have the right to take that risk and say, you know what, I'm going to try to convince him that I didn't commit a robbery, let's not give him anything less than a robbery, and I'll walk out the door? Because if I go down on the theft, I'm going to get extended term on the theft. Well, in this case, actually, the extended term, or I'm sorry. Sorry? I'm sorry. Here, in this case, Mr. Parrish was a class X eligible, so he was sentenced to 25 years for robbery. Whereas had he been convicted of theft, which is the class three, it would not have been eligible for a class X sentence, and he would have gotten two to five. So we understand your point. Is the only way to avoid this is to make a record and have a discussion? Should we be telling the trial court that you should have gone on record and asked? You know, why aren't you asking for a theft instruction? Is this a strategic decision, et cetera, et cetera? And is that the only way to avoid this situation? No, that is not our position. That's the only way to avoid this decision. This court, nor the Illinois Supreme Court, has ever required the defendant to make an on-the-record waiver, and it's not our position that the defendant has to make an on-the-record waiver and have that called with the trial court as to whether he wants a lesser-included instruction. It was just in this case that it was objectively unreasonable, based on the facts that were adduced at trial, that it was particularly unreasonable for him to fail to request an instruction. And that's one of the difficulties I have, is that to some extent your client owes a debt of gratitude to the effectiveness of counsel. On the one hand, because he wasn't found guilty of armed robbery, he was found guilty of only a robbery. And on the other hand, you're saying, no, counsel didn't work hard enough. I have a little difficulty reconciling those two positions. By trial counsel asking for the lesser-included offense on robbery. And he not only asked for it, but he persuaded the jury. Well, the entire premise of his case was based on Mr. Parrish's judicial confession to the offense of theft. Mr. Parrish testified he went over Mr. Lipscomb, spent the money out of him, and that when Mr. Lipscomb demanded his money back, Mr. Parrish refused. But it became a contest between the victim and the defendant. And if the jury had been persuaded by the victim entirely to disregard the defendant's testimony, then he would have been found guilty of armed robbery. But apparently through counsel's efforts, he sufficiently called into question the victim's testimony, and then presented his client, the defendant, in such a credible manner that the issue of a gun was rejected by the jury. Yes, the issue of the gun was rejected by the jury, but obviously they believe Mr. Parrish is guilty of some crime. There was never anything in defense counsel's strategy that his strategy was not based on just not proving that additional element of the use of the firearm during the taking. It was not his strategy. It was based on his argument to the jury that Mr. Lipscomb, I mean, excuse me, Mr. Parrish, did not rob Mr. Lipscomb. And then he had his client get up on the stand and testify to that effect very, very clearly. And so the robbery instruction, while it is not our position, it never has been. That brings me back to my initial question, and that is that they rejected Mr. Parrish's testimony, and they didn't believe that it was simply a swindle, and the jury found that there was the use of force or the threat of force beyond a reasonable doubt. And so are we supposed to just assume that the jury didn't follow their oath and just found them guilty of something? Although we are supposed to presume that the jury acted in accordance with the law, if they have the proper instruction. The jury did not have the proper instructions here. And that is, going back to my earlier point, that's the whole purpose of giving juries instructions on lesser included offenses. It's a procedural safeguard to make sure that the jury, who is composed of humans, that they will, instead of convicting the client where he's just confessed to having committed a crime, there's the risk that they'll convict him of the greater offense, rather than acquit him entirely. So in this case, we needed that best instruction to prevent that. Mr. Parrish confessed to theft. All right. Now, in order for us to reverse, we're going to have to find that there was an unreasonable trial strategy here. Isn't that true? Yes. That is one of the components. Here it was unreasonable. And in doing that, we'll have to look at the entire performance of the lawyer, won't we? Yes. The entire performance. We can't just pick out one little thing, can we? Well, as for picking out one thing here, this wasn't a minor failing on the part of defense counsel. Our position that there is a reasonable probability, nothing 100%, there's a reasonable probability that had the jury been instructed on the offense of theft, they would have returned a verdict on the offense of theft, a verdict of guilty on the offense of theft, and acquitted Mr. Parrish of robbery. Because of that reasonable probability, counsel's action by failing to request that instruction was unreasonable. Nothing in every case, but under the circumstances of this case. Because in his opening statement, he promised the jury... You've told us that, and you ought to save some time for your rebuttal, otherwise you're going to be out of time. Thank you. Okay, let's hear the response. Good morning, Justice Engler. May it please the Court. Margaret Lustig on behalf of the people of the state of Illinois. In this case, defense counsel crafted a strategy encompassing a letter that the defendant sent the victim. The letter was an outright admission to robbery. However, the defendant in the letter stated that he didn't have a gun. And it should be noted that never once in the letter did he state or mention any kind of a drug deal. The letter was admitted into evidence through DNA evidence. The defense strategy was to use the defendant's own words to reduce the conviction from armed robbery to robbery. The defendant says in his letter, I'm asking... All I'm asking for you is to tell the truth about what happened. You know I never had a gun. Nor did I place a gun on you. And the amount of cash was $500. It wasn't $500. It was $370. And a secondary strategy could very well have been, as Justice Palmer suggested, that if the jury believed the defendant's story, he would have acquitted him of both... They would have acquitted him both of armed robbery and robbery. But I think it's clear that they believed the victim's story. And defense counsel's strategy was effective because the defendant got 15 years less than he would have gotten had he been found guilty of armed robbery. I thought armed robbery was class X and he was found guilty of robbery class X. So why would this sentence have changed? Oh, because of the use of the gun. Yes, because of the use of the gun. Let me ask you this. Because I did ask about lesser included of the lesser included. And there's no doubt that juries find defendants not guilty all the time. Or it certainly does happen frequently. But it seems a little less likely when the defendant takes the stand and says, yes, I committed a crime for the jury to say not guilty. When the defendant himself says he committed the crime and the jury isn't given the choice of convicting him of the crime that he's admitted to. But I believe the letter evidence in this case is what makes this case a better case. Well, that's impeachment, certainly. But the testimony from the defendant was that he committed theft only. And if he committed theft only, why shouldn't the defendant, why shouldn't the jury that the defendant is asking to assess his conviction be instructed on theft? Because that's what the defendant has, I mean, that's what the defendant testified to. And in a sense, if he had said I committed theft, literally using the word theft, and counsel had pursued that trial strategy and said to the jury, he committed no more than theft in his argument. But the jury isn't instructed on the theft conviction. Certainly seems like the jury is going to say, well, we know he committed a crime, and even though we're not being presented with the option of finding him guilty of that crime, we have no choice but to find him guilty of robbery. Justice, I would agree with you if this letter that the defendant wrote to the victim hadn't been admitted into evidence. I believe the letter evidence... But what you're saying to me in that regard is that the letter trumped his testimony. But why should the letter trump his testimony if his testimony is challenged by your office in the course of cross-examination, which is the key to any trial? You know, on cross-examination, he was asked why in the letter he never mentioned anything about a drug deal gone bad. And he never, ever mentioned that until he was on the stand. But he did. I believe it was an all-out admission to robbery in the letter. And then he also said in the letter, you know, my lawyer will be sending an investigator out to speak to you about the identifying process. Let him know the truth about what happened or better yet, let him know that you picked the wrong person in the lineup. I believe this letter that was sent to the victim shortly after the offense where he stated he did not have a gun may have influenced the jury to find him guilty of robbery versus armed robbery. But I think defense counsel was very effective in that the strategy that he used could have, if they believed the defendant's story, they would have acquitted him of both offenses and he would have been a free man. However, they obviously did not believe that. They believed that he had committed the offense of robbery. Certainly counsel's performance was reasonable given the letter evidence in this case. In conclusion, I would ask that you please affirm the defendant's conviction and sentence. Thank you. If I may, I'd like to revisit an issue that you brought up regarding lesser included of armed robbery. May I address that issue? In fact, it's a lesser included offense of robbery under the charging instrument document. I'm sorry, charging instrument approach where the charging instrument in this case, the information, alleged that Mr. Parrish had knowingly took money from Rodney Lipscomb by force or by threatening to use the force while he was armed with a firearm. So it's our position that that set forth the broad foundation for theft because theft is defined as the taking of... My point was that he was only charged with armed robbery in the charging instrument. And what you're arguing is that if he was only charged with armed robbery, maybe this is your point, that really the trial counsel made a mistake in seeking a lesser included offense of robbery. He should have gone all the way down to have sought an instruction on theft and opted not to put the position, not to put the choice of robbery before the jury because that was in line or it gave credence to the state's charge. No, Your Honor. It's never been our position that defense counsel was ineffective for affirmatively asking for the robbery instruction. It is just our position. I'm just saying that I find it unlikely. I mean, let me ask you this. What if he had asked for the theft conviction and the judge had said, I'm not doing it. So the counsel is no longer ineffective and now the issue is whether the trial counsel had requested that theft instruction and the trial court denied that request. I would be in front of you today saying it was reversible error. Okay. So now moving on to, unless any of your honors have any questions regarding that, I'd like to move on to the state's point just very briefly. The state argued that the letter that was introduced into evidence was an admission from the defendant's own words. First of all, I'd just like to point out that this argument was not advanced in their brief and this is the first time that we have heard this on appeal. But addressing that issue, yes, defendants own words were contained in that letter. But his own words were also used at trial through his own testimony. And the letter, in our opinion, is not an admission per se, but it should have been allowed in to impeach the defendant, to have been ultimately allowed to determine whether this letter constituted an admission of theft, whether it impeached him. It's not just impeachment, though. It's letters of confession. So it's substantive evidence, isn't it? Yes, it would be. Substantive evidence. But it would be for the jury to resolve the question of fact that arose in that case where they have the statement, the letter, versus the defendant's testimony. But contrary to the state's argument, there's nothing in that letter where the defendant, the defendant may not have said that it was a drug deal gone wrong, but he also didn't say it was an armed robbery. He also didn't say it was a robbery. He said he wasn't armed. He corrected Rodney Lipscomb's testimony that it was $500 and said that it was $370, $370, which corresponds with his trial testimony. So there's nothing in that letter that necessarily conflicts with the testimony that Mr. Parrish offered at trial. He was walking on eggshells of the letter, wasn't he? Okay. So because the jury, had the jury believed that that letter was an admission of guilt to the offense of robbery, the jury should have been allowed to resolve that issue determining whether, was Mr. Parrish telling the truth in his letter, or was Mr. Parrish telling the truth on his testimony? I.e., there should have been a jury instruction on the offense of theft, which corresponds perfectly with his testimony at trial. Well, isn't it true that the jury resolved those matters in the credibility of the witnesses? By disbelieving Rodney Lipscomb? The jury's verdict indicates they disbelieved a great part of Rodney Lipscomb's testimony. Rodney Lipscomb testified. Well, don't they have the right to do that? They do have the right to do that. The defendant also has the right to have the jury properly instructed on the law so that the jury may return a verdict that corresponds with their beliefs. Had they believed the defendant's testimony in its entirety? We don't know. But had they, they wouldn't have had the option of voicing that belief because there was no theft instruction. So the letter comes in, and the jury says, there's this letter in which he says he didn't have a gun, and the way he phrases it is, you know I didn't have a gun, so the jury says, okay, we'll throw out the gun. But he testified, and he was impeached by what, five convictions? I believe trial counsel was in error, I believe it was four. Okay, so I mean he's admitting the whole story, the whole scenario is all about drugs and stealing and theft, and he gets impeached. First he basically gets up and admits he's a criminal, and then he says, I'm a criminal. And then he gets impeached with regard to his scenario by four prior felony convictions. Now, how should we say in light of that, that in light of him being impeached four ways, plus admitting to being a criminal, that the jury would leave him all of a sudden. And that there was a real probability that they would accept his story and convict him of theft. I mean, is it really likely? There's a reasonable what? There's a reasonable probability that the jury would have taken this guy who admitted to being a criminal, and has four prior felony convictions, there's a reasonable probability that the jury would have said, yeah, let's believe him. Yes. That's what you're saying? Yes. I am saying that my client got up in a stand and said, I'm a bad guy, I am no Boy Scout, I sell drugs, I sell fake drugs, I do whatever I can. I sold fake drugs to Rodney Lipscomb in this case, he didn't like it, didn't give him a refund. And the jury would say, oh, that makes sense to us, okay. Well, there is a reasonable probability, we're not saying 100%. You can never be sure in these cases, and that's not the standard. It's not an outcome-determinative test. It's just saying that there is that probability that but for counsel's failure in this case to ask for that theft instruction, that's the reason the jury came back with a verdict on robbery, a compromise verdict in this case. And you're also saying that with the theft instruction, the jury would have had a clear choice to make. Yes. It would have had a choice to make between the victim's version, which in part they rejected, and now the version that the defendant testified to. Yes, there were only two versions offered at trial, armed robbery and theft. But why? Why is Mr. Parrish more believable than Mr. Lipscomb? Why? Well, the jury's verdict indicates that they did not believe a great part of Mr. Lipscomb's testimony. Mr. Lipscomb testified in great detail about this gun. He said it was black, a real slim, that it was five inches away from his face, and even that he knew it was an automatic weapon and not a revolver. I mean, he got a good look at this gun. But despite this really graphic, detailed testimony, the jury completely disbelieved him, at least to that element. So there were credibility problems. And I was going to say that, you know, really the question before us is whether we can say that there's no reasonable probability that the theft testimony would have been disregarded. And we leave it up to the jury to decide. As you say, it's not 100 percent certain that they would have found him guilty of theft. But certainly there's a reasonable probability, given what else happened, to the extent that they've rejected the victim's testimony in part. Yes, the fact that the verdict came back. Well, thank you very much.